# Park Bank *v.* Naffah, Appellant.

*Promissory notes — Negotiable instruments — Accommodation note—Notice of dishonor—Case for jury—Evidence—Act of May 16, 1901, section 115, P. L. 194.*

1. Where a promissory note is made for the accommodation of the payee, notice to him of nonpayment of the note is not necessary under section 115 of the Act of May 16, 1901, P. L. 194.

2. If the evidence is conflicting as to whether the note was or was not given for the accommodation of the payee the case is for the jury.

Argued October 19, 1922. Appeal, No. 68, Oct. T., 1922, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1920, No. 48, on verdict for plaintiff, in case of the Park Bank in the hands of Frank M. Jackson, Receiver, v. L. Naffah. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit against endorser of promissory note. Before HAYMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,334.67. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*Roy G. Bostwick,* of *Thorp, Bostwick & Stewart,* for appellant.

*Prichard & Trent,* for appellee, were not heard.

OPINION BY MR. JUSTICE FRAZER, January 3, 1923:

According to stipulation of counsel, placed on record at trial, the sole question at issue is whether a note for $2,500, dated November 4, 1917, payable sixty days after

date, to the order of defendant and signed "R. Megory," was made for the accommodation of defendant or given by the maker to the payee for value. The court below submitted this question to the jury, and, on verdict for plaintiff, and from judgment entered thereon, defendant appealed.

It is conceded the note was not paid at maturity and that plaintiff failed to give notice of nonpayment to defendant as endorser. However, if the note was for defendant's accommodation notice to him of dishonor was unnecessary under section 115 of the Negotiable Instruments Act of May 16, 1901, P. L. 194. Plaintiff's cashier testified defendant called at the bank and arranged for and secured a line of credit not to exceed a specified amount, the understanding being that the privilege was extended to him of borrowing from the bank from time to time funds needed in the building operations in which he was at the time engaged; the notes given to secure his indebtedness to be either signed or endorsed by him and R. Megory, who defendant explained was his father-in-law, and that, pursuant to this arrangement, the note in suit and also other notes were given. On the other hand, defendant denied having either asked for or secured credit on the strength of the signature of his father-in-law, and further denied the note in suit was given for accommodation, claiming, on the contrary, that R. Megory was a customer to whom he sold goods and that he received the note in question in the ordinary course of business in settlement of the amount due. In support of his case defendant was privileged to call as witnesses in his behalf both the father-in-law and customer but chose to rely entirely on his own testimony and offered no explanation of the absence of those who, if his contention is correct, would have corroborated his statements. Under the circumstances the case was necessarily for the jury and the motion for judgment non obstante veredicto was properly refused.

The judgment is affirmed.